**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
)
MATTEO TROTTO,                      )
)
                    Plaintiff,      )
)                  Civil Action
v.                                  )                  No. 22-12058
)
MICHAEL RODRIGUES,                  )
)
                    Defendant.      )
_____)

**MEMORANDUM AND ORDER**

August 8, 2024

Saris, D.J.

Having reviewed the objections of both parties, I adopt the well-reasoned Report and Recommendation of the magistrate judge and deny the petition. The court assumes familiarity with his opinion. Dkt. 26. I write separately with regard to Petitioner's federal Confrontation Clause claim concerning the testimony of Captain Sargent and the magistrate judge's *de novo* review of that claim. See Dkt. 26 at 50-52. Both parties have objected to his analysis.

Matteo Trotto was convicted in May 2014 on murder charges related to the 1994 disappearance of Kevin Harkins. The Confrontation Clause issue concerns the testimony of Worcester police officer Steven Sargent. Sargent was called as a defense witness to answer questions challenging the police department's

1

investigation. On cross examination, he was permitted to testify to statements made by another witness, Anthony Carlo. In March of 2002, Carlo made a statement to Worcester police claiming that Trotto had confessed to him that he had been in a car and was holding a gun when the decedent was shot. Ten years later, after receiving immunity, Carlo testified to the same before a grand jury. Carlo was called to the stand at trial but claimed to have no recollection of Trotto's purported confession to him. The trial judge allowed Carlo's grand jury testimony to be admitted as prior inconsistent sworn testimony. Dkt. 10-13 at 68-71. After the prosecution rested, Sargent was called and on cross examination he was permitted to testify as to statements Carlo had purportedly made to various Worcester police officers, some of which Sargent had not heard firsthand. Sargent testified that Carlo had given a statement to two other officers in 2002 describing Trotto's confession. He further testified that a different officer had contacted Carlo in 2006, and that Carlo had confirmed the substance of his prior statements but indicated he would refuse to confirm his statements if called at trial.

The SJC concluded that the trial court erred in admitting Sargent's testimony as a part of a so-called Bowden defense to parry the defendant's attack on the police investigation. But the SJC concluded it was harmless error, writing that "if the error had not been made, the jury verdict would have been the same."

Commonwealth v. Trotto, 169 N.E.3d 883, 901 (Mass. 2021). The SJC did not address the Confrontation Clause challenge and did not apply the stringent harmless beyond a reasonable doubt standard required for federal constitutional claims. See Chapman v. California, 386 U.S. 18, 24 (1967) ("[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.").

Trotto filed his petition for a writ of habeas corpus arguing that though the SJC had considered the issues of Sargent's testimony under state law, it had failed to address the federal constitutional question, and de novo review by the federal court was therefore appropriate. See Dkt. 15 at 59-60. The magistrate judge agreed and proceeded to review the issue de novo, ultimately concluding that the confrontation error with respect to Sargent's testimony had no "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)); see Dkt. 26 at 66. The Commonwealth objects, arguing that it was not sufficiently clear that the SJC had not ruled on Trotto's federal Confrontation Clause claim to warrant de novo review. See Dkt. 32.

I agree with the magistrate judge that the Confrontation Clause claim should be reviewed de novo. Federal claims raised but

unadjudicated in state court are reviewed *de novo* by federal courts. See Hodge v. Mendonsa, 739 F.3d 34, 41 (1st Cir. 2013). However, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication of state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011). That presumption is overcome, and a litigant is entitled to *de novo* review under 28 U.S.C. § 2254(d), "[w]hen the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court." Johnson v. Williams, 568 U.S. 289, 303 (2013).

In my view, the magistrate judge correctly concluded that the presumption has been rebutted. In examining the federal constitutional claims regarding the death certificate and the database, the opinion is explicit that the SJC reviewed the claims under the harmless error beyond a reasonable doubt standard. See, e.g., Trotto, 169 N.E. 3d at 905. Because the SJC analyzed those claims using Chapman's heightened harmless-error standard, the magistrate judge read the opinion to indicate that the SJC was reviewing the state law Bowden claim under the state law standard, and that it had neglected to address the federal constitutional claim. He held that the presumption is rebutted because the Supreme Judicial Court applied the harmless beyond a reasonable doubt

standard elsewhere in addressing the constitutional Confrontation Clause questions. This "very clearly" shows the Confrontation Clause claim with respect to Sargent's testimony was "inadvertently overlooked" by the state court. Johnson, 568 U.S. at 303.

Once the federal court proceeds to review *de novo*, the burden is on the Petitioner to prove that the claimed constitutional error resulted in "actual prejudice." Brecht, 507 U.S. at 637 ("Under [the 'substantial and injurious'] standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'"). Applying the "substantial and injurious" standard, the magistrate judge concluded Petitioner did not meet his burden because the relevant aspects of Sargent's testimony were otherwise properly before the jury and the impact of the additional information was "minimal." Dkt. 26 at 56.

In arriving at this conclusion, the magistrate judge relied primarily on the fact that substantially all of the information presented to the jury through Sargent's improperly admitted testimony was also available to them through the grand jury testimony. Petitioner protests that the magistrate judge improperly shifted the Commonwealth's burden onto him by treating trial counsel's choice not to call Carlo or O'Connor as witnesses

as evidence that any prejudice to Trotto was so minimal as to be harmless. See Dkt. 26 at 56 ("Had the issue been significant, Petitioner's counsel could have re-called Carlo as a witness to explore these additional details"); id. at 60 ("There was an obvious cure for the Confrontation Clause error . . . : O'Connor himself was available to testify. But Petitioner declined to avail himself of that cure at trial."); id. at 61-62 ("The key point is that Petitioner had every opportunity to call O'Connor back to the witness stand. That petitioner chose not to speaks volumes."); id. at 63 ("That Petitioner chose not [to recall O'Connor and Carlo] calls into question whether there was any actual Confrontation Clause violation . . . .").

The ability to subpoena a witness at trial "is no substitute for the right of confrontation." Melendez-Diaz v. Massachusetts, 557 U.S. 305, 324 (2009). The ability of the Petitioner to call O'Connor or Carlo does not cure the Confrontation Clause violation because it impermissibly shifts the Commonwealth's burden onto him. Id. ("[T]he Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court.").

However, as the magistrate judge thoroughly explained, the significance of Sargent's testimony must be weighed against the full trial record to determine whether the error caused "actual prejudice" and thus violated the Brecht standard. Brecht, 507 U.S.

6

at 637. I agree with the magistrate judge that the substance of Carlo's 2002 statements was already before the jury through Carlo's reading of his 2012 grand jury testimony. The new information that the jury improperly heard from Sargent was that "Samia and Fredette [threw] a key to the trunk in the air vent to prevent police from opening the trunk" during the 2 a.m. traffic stop, and that Samia and Fredette were relieved to not have been arrested. Dkt. 15 at 61-62. The magistrate judge evaluated these additional details from the 2002 statement and found that their value was "limited." Dkt. 26 at 55-56. I agree because Trotto was not even in the car during the 2 a.m. traffic stop. See Dkt. 10-12 at 53-55. The key point is that Carlo's grand jury testimony concerning Trotto's presence in the car was already properly before the jury. See Dkt. 10-13 at 11, 82-83.

The magistrate judge also held the "bolstering effect" in Sargent's testimony was "tangential, at best." Id. at 62. For example, the jury improperly heard Carlo's threat to feign amnesia and help the defense through Sargent. Dkt. 10-13 at 168-69. But Petitioner had already cross-examined Carlo on his reliability as a witness, eliciting that he: had "memory issues," id. at 90, had been told by the prosecutor that the prosecutor "wanted [Carlo] to give certain testimony at the grand jury," id. at 91, was threatened with indictment if he said to the grand jury that he had no memory, id., and did not remember Trotto "saying anything

7

that [Trotto] was involved in this case," id. at 96. Sargent's testimony did not raise any confrontation error that "had substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 637.

Even after excising references by the magistrate judge to defense counsel's choice not to call Carlo or O'Connor, which Petitioner characterizes as a burden shift, the magistrate judge's ultimate conclusion is amply supported by the record. Federal habeas relief is therefore not available in this case. See 28 U.S.C. § 2254(d).

**ORDER**

Accordingly, the habeas petition, Dkt. 1, is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge